# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | Case No. 19-05879-dd |
| Maxine Renee' Moses-Adams, | Chapter 7 |
| Debtor. | **ORDER** |

This matter is before the Court on the Motion to Vacate Discharge Order pursuant to Fed. R. Civ. P. 60(b)(6) [Docket No. 52] and Motion to Extend/Enlarge the Time to File a Reaffirmation Agreement pursuant to Fed. R. Bankr. P. 4008(a) [Docket No. 48] (the "Motions") filed by Debtor on June 28, 2020 and June 25, 2020, respectively. Because Debtor has failed to show sufficient justification to vacate the discharge order, the Motions are denied.

## FACTS

On November 5, 2019, Debtor filed her chapter 13 case and on February 12, 2020 the case was converted to a chapter 7. Debtor filed her Statement of Intention ("SOI") on March 3, 2020, stating her desire to retain her vehicle and enter into a reaffirmation agreement with the secured creditor. The chapter 7 meeting of creditors was held on March 13, 2020. Debtor received a discharge pursuant to § 727 and the discharge order ("Discharge Order") was entered on May 18, 2020. Debtor filed her reaffirmation agreement as Exhibit B to her Motion to Extend Time on June 25, 2020.

## DISCUSSION

**1) Individual Debtor's Duties with Respect to Personal Property that Secures a Debt**

Section 521 of the Bankruptcy Code sets forth the duties of a debtor. Pursuant to § 521(a)(2), two duties are imposed when, like here, the debtor is an individual and the debtor's schedules include a debt that is secured by property of the estate. Debtor satisfied § 521(a)(2)(A)

and Fed. R. Bankr. P. 1019(1)(B) by filing her SOI within thirty (30) days of converting to a chapter 7 case. *See* § 521(a)(2)(A) ("Within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and . . . that the debtor intends to reaffirm debts secured by such property."); Fed. R. Bankr. P. 1019(1)(B) (requiring a statement of intention to be filed within thirty (30) days after conversion or before the first date set for the meeting of creditors, whichever is earlier). Debtor marked her intention to retain her vehicle and enter into a reaffirmation agreement on her SOI. Additionally, § 521(a)(2)(B) requires Debtor to perform that intention within thirty (30) days after the first date set for the § 341(a) meeting of creditors. Here, the § 341 meeting of creditors was held on March 13, 2020. Debtor did not enter into the reaffirmation agreement until June 10, 2020, when the secured creditor signed the agreement[1], nor did she file her reaffirmation agreement until June 25, 2020, after the Discharge Order was entered.

When an individual debtor fails to perform her duties under § 521(a)(2), "the Bankruptcy Code supplies a remedy and, the Court should not develop its own remedies." *In re Frazier,* 599 B.R. 275, 279 (Bankr. D.S.C. 2019). Section 362(h)(1) "expressly provides for two legal consequences" when the debtor fails to comply with the duties imposed by § 521(a)(2)(A) and (B). *Id.* at 280. First, with respect to personal property that secures a debt, the automatic stay of § 362(a) is lifted. Second, the property is no longer property of the estate.

---

[1] Attached to Debtor's Motion to Extend is a copy of Debtor's reaffirmation agreement, signed by Debtor on May 28, 2020 and accepted by the secured creditor on June 10, 2020. There was not an agreement until both sides entered into it.

2) **Impact of Discharge Orders on Reaffirmation Agreements**

Section 524 of the Bankruptcy Code sets forth the effects of a discharge. Pursuant to § 524(c), reaffirmation agreements made after the granting of a discharge under § 727 are unenforceable. The requirements of § 524(c) are clear and must be strictly construed. *See in re Lee,* 356 B.R. 177, 182 (Bankr. N.D. W.Va. 2006). "Reaffirmation agreements entered into after the granting of a debtor's discharge have no legal significance." *In re Wilhelm,* 369 B.R. 882, 883 (Bankr. M.D.N.C. 2007). In *Wilhelm*, the debtors properly filed their Statement of Intention but failed to file their reaffirmation agreement before receiving their discharge. *Id.* The debtors attempted to vacate the discharge for the sole purpose of entering into two reaffirmation agreements. *Id.* The Court agreed with numerous other courts finding that it is "improper to vacate an order of discharge to allow the debtor to enter into a reaffirmation agreement" because it would have no legal significance. *Id*. Here, Debtor's Motion to Extend Time to file her reaffirmation agreement pursuant to Rule 4008(a) meets the same barrier. Any reaffirmation agreement filed by Debtor after the Discharge Order was granted would have no legal significance. *See also In re Huffman,* 2007 WL 1856770, at *1 (Bankr. M.D.N.C. June 25, 2007); *In re Williams,* 2012 WL 843210, at *3 (Bankr. D.D.C. Mar. 12, 2012); *In re Brinkman,* 123 B.R. 611 (Bankr. N.D. Ind. 1991); *In re Stewart,* 355 B.R. 636 (Bankr. N.D. Ohio 2006).

Additionally, § 524(m)(1) requires a hearing for the Court to review reaffirmation agreements to determine if the presumption of undue hardship, to the extent it is applicable, can be rebutted by the debtor. This hearing is required to be concluded before the entry of the debtor's discharge. Debtor did not timely file her reaffirmation agreement and therefore no hearing was held. Debtor has failed to comply with both § 524(c) and § 524(m)(1). While Debtor could have filed a motion pursuant to Fed. R. Bankr. P. 4004(c)(2) to delay the entry of

discharge in order to timely file her reaffirmation agreement, she did not do so.[2] *See in re Rigal,* 254 B.R. 145, 148 (Bankr. S.D. Tex. 2000) (holding that Fed. R. Bankr. P. 4004(c)(2) was "specifically written to allow the Debtor to delay entry of [a] discharge so that a reaffirmation agreement could be considered").

### 3) Requirements to Vacate Discharge Orders Pursuant to Fed. R. Civ. P. 60(b)(6)

Debtor now seeks to vacate the Discharge Order pursuant to Fed. R. Civ. P. 60(b)(6), as made applicable to this proceeding by Fed. R. Bankr. P. 9024. Although Debtor has failed to comply with the strict requirements of § 521(a)(2)(B), § 524(c), and § 524(m)(1), she requests this Court vacate her discharge in order to file her reaffirmation agreement due to her attorney's mistake. Rule 60(b)(6) "allows the court" to relieve a party of a final judgment for "any other reason justifying relief from the operation of the judgment." *In re Cottrill,* 2007 WL 1760927, at *3 (Bankr. N.D. W.Va. June 19, 2007). In *Cottrill*, like here, the debtors failed to timely take action on their statement of intention and did not reaffirm their debts before receiving their chapter 7 discharge. *Id.* at *1. There, the debtors sought a waiver of the § 524(c) requirements and requested the discharge be vacated. *Id.* The court found that § 524(c) is not waivable and is "imposed by 'substantive statutory law and not by procedural rule.'" *Id.* at *2 (quoting *In re Collins,* 243 B.R. 217, 219 (Bankr. D. Conn. 2000)). The Court then found that Rule 60(b)(6) requires a showing of "extraordinary circumstances" to justify the reopening of a final judgment and therefore denied the debtors' request because no extraordinary circumstances were shown. *Id.* at *3.

Like the debtors in *Cottrill*, Debtor here missed the deadlines set forth in § 524(c) and now seeks relief under Rule 60(b)(6). Debtor asserts in her Motion to Vacate Discharge Order

---

[2] This would not have necessarily resolved the § 362(h)(1) issue discussed above. Fed. R. Bankr. P. 4008(a) might have been used to extend the § 521(a)(2)(B) thirty (30) day deadline prior to entry of a discharge order.

that Debtor's attorney "mistakenly recorded the incorrect deadline date for filing the Reaffirmation Agreement" [Docket No. 52, ¶ 8]. The Fourth Circuit discussed the role of attorney mistakes involving Rule 60(b)(6) in *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996), stating that the United States Supreme Court has found it can be "appropriate to hold a client accountable for the mistakes of counsel." *Thompson,* 76 F.3d at 533 (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396-97, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993)). *Pioneer* states that "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer,* 507 U.S. at 393, 113 S.Ct. at 1497. *See In re Wyciskalla,* 156 B.R. 579, 580-81 (Bankr. S.D. Ill. 1993) ("Relief under Rule 60(b)(6) requires 'a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.'"). Debtor has made no showing that the Discharge Order was unjust, that there are extraordinary circumstances warranting vacating the Discharge Order, or that there has been excusable neglect that would justify vacating the Discharge Order.

## CONCLUSION

Debtor failed to enter into and file her reaffirmation agreement before the discharge was granted and has failed to show sufficient justification to vacate the Discharge Order. For these reasons and for the reasons set forth above, Debtor's Motions are denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**07/06/2020**



Entered: 07/06/2020

David R. Duncan
US Bankruptcy Judge
District of South Carolina